IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DOUGLAS JUNCO,

       Plaintiff,

     v.

OFFICER CARVER,

       Defendant.

CIVIL ACTION NO.: 5:23-cv-27

## O R D E R

Defendant filed a Motion to Dismiss.  Doc. 35.  Plaintiff filed a Response in opposition.

Doc. 38.  For the following reasons, I **DENY** Defendant's Motion to Dismiss.

## BACKGROUND

Plaintiff filed his Complaint on April 3, 2023, alleging Eighth Amendment claims under

42 U.S.C. § 1983.  Plaintiff contends Defendant Carver "dragged" him "from intake," with his

hands cuffed behind his back, "banged [him] into everything on the way," stripped him naked,

and forced him into a cold shower.  Doc. 1.  The Court conducted a frivolity screening under 28

U.S.C. § 1915A and dismissed Plaintiff's claims against Ware State Prison and the Georgia

Department of Corrections, as well as Plaintiff's retaliation claims.  Doc. 28.  The Court directed

service of Plaintiff's Eighth Amendment claim against Defendant Carver.  Doc. 29.

Defendant Carver filed a Motion to Dismiss on July 25, 2024.  Doc. 35.  Defendant

argues Plaintiff failed to exhaust administrative remedies.  Doc. 35-1.  Plaintiff filed a Response

to Defendant's Motion to Dismiss, claiming he did exhaust remedies as far as it was possible to

do so.  Doc. 38.  The Court initially granted Defendant's motion.  Doc. 42.  Plaintiff filed a

Motion to Reconsider.  Doc. 45.  The Court granted Plaintiff's Motion to Reconsider and vacated the Order granting Defendant's Motion to Dismiss.  Doc. 52.  The Court allowed Defendant 14 days to provide additional briefing in support of the Motion to Dismiss.  Id.  Defendant has not provided any additional briefing.

## DISCUSSION

Defendant argues Plaintiff's Complaint should be dismissed because Plaintiff did not exhaust his administrative remedies prior to filing his Complaint.  Doc. 35-1.  In response, Plaintiff states that he filed a grievance, and the only reason he did not appeal that grievance was because it was referred to the Criminal Investigations Division and, therefore, was not appealable.  Doc. 38 at 3–4.  Plaintiff also explained, in his Motion to Reconsider, that he did not appeal his grievance because multiple counselors told him that the grievance was either "closed" or "dead."  Doc. 45 at 2–3.

## I.    Prison Litigation Reform Act's Exhaustion Requirements

Under the Prison Litigation Reform Act ("PLRA"), an incarcerated individual must properly exhaust all available administrative remedies—including the prison's internal grievance procedures—before filing a federal lawsuit to challenge prison conditions.  42 U.S.C. § 1997e(c)(1); see Jones v. Bock, 549 U.S. 199, 202 (2007); Harris v. Garner, 216 F.3d 970, 974 (11th Cir. 2000).  The purpose of the PLRA's exhaustion requirement is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  Whatley v. Warden, Ware State Prison (Whatley I), 802 F.3d 1205, 1208 (11th Cir. 2015) (quoting Woodford v. Ngo, 548 U.S. 81, 93 (2006)).

Proper exhaustion is mandatory, and courts have no discretion to waive it or excuse it based on improper or imperfect attempts to exhaust, no matter how sympathetic the case or how

special the circumstances.  Ross v. Blake, 578 U.S. 632, 639–40 (2016) (finding the PLRA

requires exhaustion "irrespective of any 'special circumstances'" and its "mandatory language

means a court may not excuse a failure to exhaust, even to take such circumstances into

account"); Jones, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the

PLRA and that unexhausted claims cannot be brought in court.").  Moreover, courts may not

consider the adequacy or futility of the administrative remedies afforded to the inmate.

Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (noting an inmate's belief

administrative procedures are futile or needless does not excuse the exhaustion requirement).

Rather, courts may only determine whether administrative remedies are available and whether

the inmate properly exhausted these remedies prior to bringing his federal claim.  Id.

Proper exhaustion requires compliance with the prison's administrative policies,

deadlines, and other critical procedural rules.  Woodford, 548 U.S. at 91–92; Bryant v. Rich, 530

F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the

PLRA, prisoners must 'properly take each step within the administrative process.'" (quoting

Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005))).  "[A]n inmate alleging harm

suffered from prison conditions must file a grievance and exhaust the remedies available under

that procedure before pursuing a § 1983 lawsuit."  Smith v. Terry, 491 F. App'x 81, 83 (11th Cir.

2012) (quoting Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000); Gooch v. Tremble, No.

1:18-cv-058, 2018 WL 2248750, at *3 (S.D. Ga. Apr. 20, 2018) ("[B]ecause exhaustion of

administrative remedies is a 'precondition' to filing an action in federal court, Plaintiff had to

complete the entire administrative grievance procedure before initiating this suit." (quoting

Higginbottom, 223 F.3d at 1261)).  An incarcerated individual cannot "cure" an exhaustion

defect by properly exhausting all remedies after filing suit.  Terry, 491 F. App'x at 83; Harris, 216 F.3d at 974.

Moreover, to properly exhaust, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the administrative grievance process.  Bryant, 530 F.3d at 1378; see also Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2003) (affirming sua sponte dismissal for failure to exhaust when a federal inmate submitted a written complaint and appealed the decision but filed his lawsuit before receiving the final decision on his appeal); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

## II.    Standard of Review for Exhaustion

A defendant may raise an inmate-plaintiff's failure to exhaust as an affirmative defense. Jones, 549 U.S. at 216 ("We conclude that failure to exhaust is an affirmative defense under the PLRA . . . ."); Pearson v. Taylor, 665 F. App'x 858, 867 (11th Cir. 2016); Whatley I, 802 F.3d at 1209.  When so raised, "[d]efendants bear the burden of proving that the plaintiff failed to exhaust his administrative remedies."  Pearson, 665 F. App'x at 867 (quoting Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)); see also Trevari v. Robert A. Deyton Det. Ctr., 729 F. App'x 748, 752; White v. Berger, 709 F. App'x 532, 541 (11th Cir. 2017); Dimanche v. Brown, 783 F.3d 1204, 1210 (11th Cir. 2015); Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008).

While exhaustion is a mandatory requirement for suing, one exception exists.  Ross, 578 U.S. at 642 ("The PLRA contains its own, textual exception to mandatory exhaustion.").  "Under the PLRA, a prisoner need exhaust only 'available' administrative remedies."  Id. at 638; Pavao v. Sims, 679 F. App'x 819, 823 (11th Cir. 2017).  Drawing from the plain language of the word "available," the United States Supreme Court has concluded "an inmate is required to exhaust

. . . only those[] grievance procedures that are 'capable of use' to 'obtain some relief for the action complained of.'" Ross, 578 U.S. at 642; Turner, 541 F.3d at 1084 (quoting Goebert v. Lee County, 510 F.3d 1312, 1322–23 (11th Cir. 2007) ("A remedy has to be available before it must be exhausted, and to be 'available' a remedy must be 'capable of use for the accomplishment of its purpose.'")).  "Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available." Turner, 541 F.3d at 1084.

Courts recognize "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Ross, 578 U.S. at 642. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id.; Turner, 541 F.3d at 1083 (noting the PLRA "does not require inmates to craft new procedures when prison officials demonstrate . . . they will refuse to abide by the established ones").  Second, exhaustion is not required when an administrative procedure is "so opaque" or "unknowable" that "no ordinary prisoner can discern or navigate it." Ross, 578 U.S. at 642.  Finally, "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation[,]" such thwarted inmates are not required to exhaust.  Id. at 644; Abram v. Leu, 759 F. App'x 856, 860 (11th Cir. 2019) ("An administrative remedy may be unavailable when prison officials interfere with a prisoner's pursuit of relief."); Dimanche, 783 F.3d at 1214 ("The PLRA does not 'require[] an inmate to grieve a breakdown in the grievance process.'" (quoting Turner, 541 F.3d at 1083)); Miller v. Tanner, 196 F.3d 1190, 1194 (11th Cir. 1999) (finding

exhaustion does not require plaintiff-inmates "to file an appeal after being told unequivocally that appeal of an institution-level denial was precluded").

In Turner v. Burnside, the Eleventh Circuit laid out a two-part test for resolving motions to dismiss for failure to exhaust administrative remedies under § 1997e(a).  541 F.3d at 1082. First, courts "look[] to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true."  Id.; see also Bracero v. Sec'y, Fla. Dep't of Corr., No 17-14278, 2018 WL 3861351, at *1 (11th Cir. 2018).  This prong of the Turner test ensures there is a genuine dispute of material fact regarding the inmate-plaintiff's failure to exhaust.  Glenn v. Smith, 706 F. App'x 561, 563–64 (11th Cir. 2017) (citing Turner, 541 F.3d at 1082); Pavao, 679 F. App'x at 824.  "The court should dismiss [the action] if the facts as stated by the prisoner show a failure to exhaust."  Abram, 759 F. App'x at 860 (quoting Whatley I, 802 F.3d at 1209); Turner, 541 F.3d at 1082 ("This process is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c).").

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion."  Turner, 541 F.3d at 1082; see also Glenn, 706 F. App'x at 563–64; Pearson, 665 F. App'x at 867 ("At the second step, the court [is] permitted to make factual findings to resolve the issue of exhaustion.").  After resolving the factual disputes, the court then decides whether, "based on those findings, defendants have shown a failure to exhaust."  Bracero, 2018 WL 3861351, at *1 (quoting Whatley I, 802 F.3d at 1209).  Additionally, "[w]hen ruling on a motion to dismiss for failure to exhaust administrative remedies, the court may consider evidence outside the pleadings."  Berger, 709 F. App'x at 541 n.4 (citing Bryant, 530 F.3d at 1376); Glenn, 706 F. App'x at 563–64; Singleton v. Dep't of

Corr., 323 F. App'x 783, 785 (11th Cir. 2009) (citing <u>Bryant</u>, 530 F.3d at 1376) ("A district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record."). However, if the issue of exhaustion is "intertwined with the merits of a claim protected by the Seventh Amendment," parties are entitled to a jury trial on that issue and dismissal is not appropriate. <u>Perttu v. Richards</u>, 605 U.S. ___, 145 S. Ct. 1793, 1800 (2025).

**III.    Applying <u>Turner</u>**

**A.    The Georgia Department of Corrections' ("GDC") Administrative Remedies**

Ware State Prison, where these claims arose, utilizes the GDC procedures for prisoner grievances. Doc. 35-2 at 1–2. The GDC's grievance policies are set out in Standard Operating Procedure ("SOP") 227.02. <u>Id.</u> Under SOP 227.02, the Grievance SOP applies to "any condition, policy, procedure, or action or lack thereof that personally affects the Offender," excluding certain designated "Non-Grievable Issues." Doc. 35-3 at 4.

The grievance procedure consists of two steps, the original grievance and the Central Office Appeal. <u>Id.</u> at 8. Under Step 1, the inmate must submit a completed Grievance Form within 10 calendar days of "the date the inmate knew, or should have known, of the facts giving rise to the grievance." <u>Id.</u> Then, the inmate may appeal the decision to the GDC Central Office under three circumstances: (1) after the inmate receives the Warden's rejection of the grievance; (2) after the inmate receives the Warden's decision on the grievance; or (3) after the time allotted for the Warden to decide has expired. <u>Id.</u> at 14. The SOP provides a 40-day period for the Warden's response to be given to the inmate, with the possibility provided for a 10-day extension. <u>Id.</u> at 11. An appeal must be filed within seven days of an inmate receiving the Warden's response. <u>Id.</u> at 14.

If the grievance contains allegations of physical force, the SOP mandates the grievance be forwarded to the Criminal Investigation Division. Id. at 12. This process "effectively closes the grievance" and "is not appealable." In addition, the inmate "shall receive a response upon the completion of the investigation conducted by the Criminal Investigation Division." Id. at 12–13.

**B.    Plaintiff Exhausted All Available Administrative Remedies**

### 1.    *Plaintiff's claim survives under Turner step one.*

At step one under Turner, the Court must consider the "factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, take the plaintiff's version of the facts as true." Turner, 541 F.3d at 1080–82.

Defendant alleges Plaintiff's Complaint should be dismissed because he did not exhaust administrative remedies as to Grievance Number 350648 based on the claims raised in this case. Doc. 35-1 at 5. Specifically, Defendant asserts that "Grievance Number 350648 was (1) rejected by the Warden's office and (2) referred to the Criminal Investigations Division on May 30, 2023, which is after Junco filed his Complaint." Id.

Plaintiff, in his Response, characterizes Defendant's Motion as seeking dismissal because he failed to appeal his grievance and claims that he only failed to do so because he "was told by different counselors" his grievance was referred to the Criminal Investigations Division and was not appealable. Doc. 38 at 3. He also notes that Defendant's filings explicitly state the grievance was not appealable. Id.

Plaintiff's allegations are sufficient to survive a motion to dismiss for failure to exhaust his administrative remedies under the first prong of the Turner test. Plaintiff argues that the

appeals procedure was unavailable to him due to prison staff misrepresentations.  Therefore, contends Plaintiff, exhaustion was not required.

### 2.    Plaintiff's claims survive under Turner step two.

The parties' filings implicate a factual question as to whether prison administrators' misrepresentations prevented Plaintiff from taking advantage of the grievance process.  If Plaintiff was prevented from taking advantage of the grievance process, then administrative remedies were unavailable to Plaintiff.

"[F]actual determinations regarding exhaustion (or lack thereof) under § 1997e(a) often pose problems for the district courts."  Womack v. Sikes, No. CV 307-042, 2008 WL 4104148, at *5 (S.D. Ga. Sept. 4, 2008).  Nevertheless, a district judge may act as a factfinder in resolving whether an inmate has exhausted his non-judicial remedies.  Bryant, 530 F.3d at 1374 (citing Wyatt v. Terhune, 315 F.3d 1108, 1119–20 (9th Cir. 2003)).  Similarly, the Supreme Court has explained "discredited testimony" cannot be relied upon to resist summary judgment.  See Womack, 2008 WL 4104148 at *5 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256–57 (1986)).

This analysis begins with the burden.  Failure to exhaust is an affirmative defense which, like other affirmative defenses, puts the burden of proof squarely on defendants.  See Presley v. Scott, 679 F. App'x 910, 912 (11th Cir. 2017) ("It is the defendant's burden to prove a plaintiff has failed to exhaust his administrative remedies, which requires evidence that the administrative remedies are available to the plaintiff."); Berger, 709 F. App'x at 542 (finding "[t]he district court misapplied the law in penalizing [plaintiff] for failing to take advantage of remedies the defendants failed to prove were available to him"); Whatley I, 802 F.3d at 1209; Turner, 541 F.3d at 1082–83; see also Abram, 759 F. App'x at 861 (remanding to determine whether

9

administrative remedies were available to plaintiff where plaintiff alleged prison staff refused to provide grievance forms and plaintiff provided an affidavit from another inmate who witnessed plaintiff's request for forms and subsequent denial).  Even when a plaintiff relies only "upon his own self-serving allegations," courts should not dismiss the action outright but should "consider[] whether a 'reasonable juror would undertake the suspension of disbelief necessary to credit the allegations.'"  Womack, 2008 WL 4104148, at *6 (quoting Jeffreys v. City of New York, 426 F.3d 549, 555 (2d Cir. 2005)).

Before a court resolves disputed factual issues in a motion to dismiss, the court must ensure "the parties ha[d] sufficient opportunity to develop a record."  Bryant, 530 F.3d at 1376 & n.14; see also Glenn, 706 F. App'x at 564 ("[I]f there are disputed factual issues, the court must allow the parties to develop the record . . . ."); Porter v. Sightler, 457 F. App'x 880, 882 (11th Cir. 2012); Singleton, 323 F. App'x at 785 (finding plaintiff-inmate had sufficient opportunity to develop the record when plaintiff filed "numerous pleadings, affidavits, and exhibits regarding the exhaustion issue").  Here, both parties have submitted argument or evidence on the issue of exhaustion.  Further, after granting Plaintiff's motion to reconsider and reopening this case, the Court gave Defendant an opportunity to submit further briefing on the issue of exhaustion. Doc. 52.

Plaintiff has demonstrated that prison administrators' misrepresentations thwarted his ability to utilize Ware State Prison's grievance procedures, and Defendant has failed to prove that administrative remedies were available to Plaintiff.

Plaintiff argues in his Response to Defendant's Motion that "the reason I didn't file an appeal . . . was because I was told by different counselors that the grievance I filed against unit manager Carver's acts on 3-16-23 was being referred to criminal investigations division and was

not appealable." Doc. 38 at 2–3. Plaintiff explains that counselors told him that his grievance was "closed" and there was nothing further he could do with the grievance. Id. at 3. Counselors informed him that he could not appeal, and that the grievance was "dead." Id. Plaintiff asked mental health counselors their opinion. They checked the status of his grievance and told him that the grievance was closed. Id. Plaintiff explained in his Motion for Reconsideration that he was informed that the grievance was closed "a couple of days after" he filed the grievance. Doc. 45 at 2. Plaintiff states that it was only at this point that he initiated suit. Id.

As explained above, exhaustion of administrative remedies is not required "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 578 U.S. at 644. Here, Plaintiff alleges facts that show misrepresentations by prison administrators made him believe that there were no further steps for him to take with the grievance process. Plaintiff alleges that he filed suit based on these misrepresentations. Defendant has argued that Plaintiff should have waited for the Criminal Investigations Division referral process to conclude but has provided no evidence or argument to rebut Plaintiff's contention that the prison administrators' misrepresentations excuse his failure to exhaust. Because the burden rests with Defendant, and Defendant has failed to meet that burden, I **DENY** Defendant's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, I **DENY** Defendant's Motions to Dismiss.

**SO ORDERED**, this 15th day of September, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA